## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE LUIS VALDIVIA MARTINEZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF FEDERAL DETENTION CENTER PHILADELPHIA, MICHAEL ROSE,** in his official capacity as Acting Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations Philadelphia Field Office, **TODD LYONS,** in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement, **KRISTI NOEM,** in her official capacity as Secretary of the Department of Homeland Security, **PAMELA BONDI,** in her official Capacity as United States Attorney General | : : : : : : : : : : : : : : | **NO. 25-6568** |

## **ORDER**

**NOW**, this 1st day of December, 2025, upon consideration of Petitioner Jose Luis Valdivia Martinez's Verified Petition for Writ of Habeas Corpus (Doc. No. 1), the government's opposition, and the petitioner's reply, **IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Valdivia Martinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Valdivia Martinez from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **December 2, 2025**.

3. The government is temporarily enjoined from re-detaining Valdivia Martinez for seven days following his release from custody.

4. If the government pursues re-detention of Valdivia Martinez, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5. The government shall not remove, transfer, or otherwise facilitate the removal of Valdivia Martinez from the Commonwealth of Pennsylvania prior to the ordered bond hearing.

6. If the immigration judge determines Valdivia Martinez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Valdivia Martinez if unforeseen or emergency circumstances arise that require his removal from the Commonwealth of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Valdivia Martinez is a citizen of Mexico who has lived in the U.S. since he entered the country without inspection in 2008. Verified Pet. Writ Habeas Corpus ("Pet.") ¶¶ 1–2, ECF No. 1. He lives in Cochranville, Pennsylvania with his wife, a U.S. citizen, with whom he co-owns a business in Oxford, Pennsylvania. Id. ¶¶ 3, 5–6. He has a twelve-year-old child in Delaware whom he supports. Id. ¶ 4. Valdivia Martinez was arrested by Immigration and Customs Enforcement ("ICE") agents on November 18, 2025 while attending court in Oxford, Pennsylvania regarding a July 2025 arrest for driving while intoxicated. Id. ¶ 7. ICE placed him in removal proceedings and has detained him without bond and without access to a hearing to review his custody determination. Id. ¶¶ 8–9.

The government argues that its detaining Valdivia Martinez without a bond hearing is lawful under 8 U.S.C. § 1252(b)(2). See Resp. Opp'n Pet. Writ Habeas Corpus at 13–20, ECF No. 8. Section 1225(b)(2) does not apply to individuals like Valdivia Martinez, who are not actively trying to enter the country, but have been living here for an extended period. See Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Valdivia Martinez is 18 U.S.C. § 1226(a). That provision mandates a hearing. See 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detainment without a bond hearing violates 18 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. See Diallo v. O'Neill et al., Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.